UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ERIK HAMILTON**   **PETITIONER**

**v.**   **CIVIL ACTION NO. 3:09CV-P594-H**

**LADONNA THOMPSON** *et al.*   **RESPONDENTS**

### MEMORANDUM AND ORDER

Petitioner Erik Hamilton filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Hamilton to show cause why his petition should not be dismissed for failure to comply with the statute of limitations. Hamilton did not file a response. Upon review, for reasons set forth below, the Court will dismiss the petition as untimely.

### I.

Hamilton entered a guilty plea in Jefferson Circuit Court to charges of manslaughter, using restricted ammunition during a crime, and wanton endangerment on January 31, 1996. On March 18, 1996, he was sentenced to ten years for manslaughter, twenty years for using restricted ammunition, and one year for wanton endangerment.

On March 25, 1999, Hamilton filed a CR 60.02 motion in Jefferson Circuit Court, which was denied on May 4, 1999. The Kentucky Court of Appeals affirmed on June 14, 2002. On April 14, 2004, Hamilton filed a second CR 60.02 motion in Jefferson Circuit Court, which was denied on November 30, 2004. The Kentucky Court of Appeals affirmed that decision on November 9, 2005.

Hamilton next filed a petition for writ of habeas corpus in Muhlenberg Circuit Court on December 29, 2005. The petition was dismissed on March 7, 2006. The Kentucky Court of Appeals affirmed the dismissal on May 8, 2006, and the Kentucky Supreme Court denied Hamilton's motion for discretionary review on August 17, 2006. Hamilton also filed a motion to alter, amend or vacate the judgment under RCr 11.42 in Jefferson Circuit Court on June 5, 2006. The Jefferson Circuit Court denied the motion on June 29, 2006. The Kentucky Court of Appeals affirmed on August 29, 2008. Hamilton filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 14, 2009.

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Hamilton's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on April 17, 1996, thirty days after the trial court entered judgment and the last date that he could have filed an appeal under RCr. 12.04(3). Because Hamilton's conviction became final prior to the passage of the AEDPA on April 24, 1996, "he had a one-year grace period, lasting until April 24, 1997, in which to file his habeas petition." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)). Thus, he had until April 24, 1997, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

Hamilton filed a collateral attack challenging his conviction in state court on March 25, 1999. However, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Hamilton did not file a collateral attack of his state court conviction until March 25, 1999, almost two years after the applicable limitations period had expired. By the time Hamilton sought post-conviction relief in March 1999, there was nothing left of the one-year statute of

limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court is time-barred.

However, since the one-year limitations period under the AEDPA "is not jurisdictional[,] a petitioner who missed a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). In order to be entitled to equitable tolling, Hamilton has the "burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Hamilton failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Hamilton appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that

4

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*
        Respondents
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4412.010